UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EIMSKIPAFELEG ISLANDS, EHF,  )
2 Korngörðum  )
Reykjavik 104  )
Iceland  )
  )
    Plaintiff,  )   Civil Action No.
  )
    v.  )
  )
UNITED STATES OF AMERICA,  )
  )
    Defendant.  )

## COMPLAINT

Plaintiff Eimskipafeleg Islands, ehf ("Eimskip"), hereby files this Complaint through its undersigned counsel and respectfully alleges and avers as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1333, the Suits in Admiralty Act, 46 U.S.C. App. § 741 *et seq.*, and the Contract Disputes Act, 41 U.S.C. §§ 603 and 609.

2. Venue is appropriate pursuant to 28 U.S.C. § 1391(e).

### THE PARTIES

3. Eimskip is an ocean common carrier with its principal place of business in Reykjavik, Iceland.

4. The defendant is the United States, contracting through the Department of Defense, Military Surface Deployment and Distribution Command ("the agency" or "SDDC").

**PROCEDURAL BACKGROUND**

5. On September 21, 2005, the Contracting Officer under SDDC contract number W1GYE-04-D-0021, denied a certified Contract Disputes Act claim filed by Eimskip. An appeal of the Contracting Officer's decision was timely made to the Armed Services Board of Contract Appeals ("the Board") and is currently pending before the Board under docket number ASBCA 55209. The agency, however, after filing an answer and engaging in extensive discovery, filed a motion to dismiss with the Board on June 28, 2006, alleging that the Contract Disputes Act does not apply to this contract and that the Board accordingly lacks jurisdiction to consider the appeal. Eimskip believes the motion to dismiss has no merit and has filed an opposition thereto with the Board. It is not known when the Board will issue its decision on the motion.

6. It is Eimskip's belief that if the agency were to prevail on its motion to dismiss, this Court would retain jurisdiction under the Suits in Admiralty Act, and the matter would be governed by the two year limitations period set forth in 46 U.S.C. App. § 745. However, given the lack of clarity and inconsistencies in the agency's position, Eimskip, out of an abundance of caution, is filing this Complaint within the shorter limitations period set forth in 41 U.S.C. § 609, in order to ensure jurisdiction is preserved in the unlikely event of dismissal by the Board.

**FACTUAL BACKGROUND**

7. SDDC awarded Eimskip contract number W81GYE-04-0021 ("the Contract") on January 13, 2004. The Contract provides for Eimskip to transport military cargo between Norfolk, Virginia and NAS Keflavik, Iceland.

8. The Contract was awarded in accordance with the Treaty Between the United States of America and the Republic of Iceland to Facilitate Their Defense

Relationship, T.I.A.S. 11098 (entered into force Oct. 31, 1986) (the Treaty). The Treaty provides for two contracts to be awarded for transportation of military cargo to Iceland, one to a U.S. carrier and one to an Icelandic carrier, and provides for a division of cargo between the carriers on a 65%/35% basis (with the higher percentage of cargo going to the lower cost carrier).

9. Eimskip was awarded the foreign flag portion of the Contract and is the lower cost carrier.

10. Pursuant to the terms of the Contract, Eimskip is required to provide transportation services between government designated ports on a schedule specified by the government. Eimskip must make a minimum amount of space available to the government on each voyage.

11. Article 6.2 of the Contract contains a bunker adjustment factor (BAF) clause, which provides an allowance for significant fluctuations in marine fuel prices over the period of the contract. If the price of fuel increases by more than 20% over a baseline price the government is to make a payment to the contractor. Likewise, if the price of fuel decreases by more than 20% the contractor makes a payment to the government.

12. Pursuant to the BAF clause, SDDC is required to establish a baseline rate averaging the Norfolk marine fuel prices for the seven week period prior to the date set for receipt of initial proposals. SDDC is also to provide a new annual average fuel price based on the seven weeks prior to the conclusion of the base period of the Contract.

13. Using these figures as well as the total annual fuel consumption, which is to be provided by the contractor in a certified statement, any amount due to either the government or the contractor is calculated using the following formula:

> The dollar differential is the new average fuel price minus the base price. Dividing the dollar differential by the base price derives the percentage differential. If the percent differential is greater than 20 percent, a payment or deduction will be made. If an increase in cost results in payment to the carrier, such payment will be a lump sum. If a decrease in cost results in benefit to the Government, the Government shall set off sums against monies owed the carrier. <u>The dollar payment/set off shall be determined by application of the annual computed dollar differential, less 20 percent, times the total annual fuel consumption (in barrels) for the relevant Contract period</u>.

Art. 6.2(2)(b) (emphasis added).

14. As required by the clause, SDDC issued a modification on July 15, 2004, establishing the base price. It did not, however, ever issue a modification establishing the new annual average fuel price.

15. On September 24, 2004, SDDC issued a proposed modification that would have substantially revised the BAF clause.

16. Eimskip advised SDDC that it could not retroactively revise the BAF clause. In the spirit of cooperation, however, Eimskip did enter into discussions with SDDC in an effort to develop wording for a revised clause that would be agreeable to all parties. Those discussions did not, however, produce an acceptable resolution.

17. Accordingly, by letter of April 20, 2005, Eimskip submitted to SDDC a certified statement of fuel consumption as required by Article 6.2. It also submitted a calculation of the amount due. (Because SDDC had never issued the new annual fuel price, Eimskip was forced to make the calculation using monthly Norfolk prices that SDDC had made available).

18. On April 26, 2005, James Washington (then the Administrative Contracting Officer) contacted Eimskip by telephone to indicate that the rates set by SDDC for the base line price were incorrect. He offered to send Eimskip the correct rates, but instead sent rates for a period well before the start of the Contract.

19. Eimskip notified Mr. Washington of the error and requested the correct rates. Instead, by letter of May 11, 2005, Mr. Washington responded by denying the payment as calculated under the terms of the Contract and offered payment based on a new formula.

20. Instead of total fuel consumed, as expressly provided for in the Contract, the calculation performed by SDDC offered payment for a percentage of the calculated adjustment based on the percentage of government cargo carried as compared to the total capacity of Eimskip's ship.

21. Following receipt of the May 11, 2005 letter, Eimskip notified SDDC of its intent to proceed with a formal claim. At that time, discussions regarding settlement of the 2004 claim and possible revision of the BAF clause for future contract years were reopened. The discussions failed again to result in any agreeable resolution.

22. Eimskip filed a formal claim under the Contract Disputes Act on August 5, 2005. On September 21, 2005, the Contracting Officer denied the claim. Using the newly created formula, the Contracting Officer determined that only $49,808.13 was due to be paid. On October 6, 2005, SDDC issued a unilateral modification to the Contract providing for payment to Eimskip in the amount of $49,808.13.

23. On October 14, 2005, Eimskip appealed the Contracting Officer's decision to the Board. On June 28, 2006, the agency moved to dismiss the appeal for lack of jurisdiction. Eimskip has opposed the motion and the Board is awaiting reply briefs prior to ruling.

## COUNT I – BREACH OF CONTRACT

24. Eimskip restates the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25.   SDDC violated the terms of Art. 6.2 of the Contract during the initial contract period by not paying Eimskip a bunker adjustment pursuant to the formula set forth in that clause.

26.   The amount due to Eimskip using the contracted for formula for the first contract period is $293,483.57.

## COUNT 2 – BREACH OF CONTRACT

27.   Eimskip restates the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

28.   SDDC has continued its refusal to abide by the terms of Art. 6.2 during subsequent contract periods.

## PRAYER FOR RELIEF

29.   Eimskip respectfully requests judgment against the defendant United States of America in the amount of $293,483.57, plus interest and costs.

30.   Eimskip further requests a declaratory order directing the Defendant United States to comply with the terms of Art. 6.2 as it is written.

31.   Eimskip further requests such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Marc J. Fink, DC Bar # 182881
Heather M. Spring, DC Bar # 460640
SHER & BLACKWELL
1850 M Street, N.W., Suite 900
Washington, D.C. 20036
(202) 463-2500 (tel.)
(202) 463-4950 (fax)

*Attorneys for Appellant*
*Eimskipafeleg Islands, ehf*

Dated:   September 20, 2006