UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EIMSKIPAFELEG ISLANDS EHF, § | | |
| Plaintiff § | | |
| § | | |
| vs. § | C/A NO.: 1:06cv01629 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant § | | |

ANSWER

DEFENDANT, the United States of America, in answer to Eimskipafeleg Islands EHF's Complaint in the above-captioned action, admits, denies and alleges, on information and belief, as follows:

FIRST DEFENSE

This Court lacks subject matter jurisdiction over all or portions of the Complaint.

SECOND DEFENSE

The Complaint fails to state a claim for which relief may be granted.

THIRD DEFENSE

Defendant responds to the allegations of the Complaint in similarly numbered paragraphs, as follows:

1.  Defendant United States of America denies the allegations contained in paragraph 1 of the Complaint.

2.  The allegations contained in paragraph number 2 of the Complaint are conclusions of law to which no response is required.

3.  Defendant United States of America admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant United States of America admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant United States of America admits the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are conclusions of law to which no response is required.

7. Defendant United States of America admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant United States of America admits the allegations contained in paragraph 8 of the Complaint to the extent supported by the Treaty cited, which is the best evidence of its contents.

9. Defendant United States of America admits the allegations contained in paragraph 9 of the Complaint.

10. The Defendant United States of America admits the allegations contained in paragraph 10 of the Complaint to the extent supported by the Contract cited, which is the best evidence of its contents.

11. The Defendant United States of America admits the allegations contained in paragraph 11 of the Complaint to the extent supported by the Contract Article cited, which is the best evidence of its contents.

12. The Defendant United States of America admits the allegations contained in paragraph 12 of the Complaint to the extent supported by the Contract clause cited, which is the best evidence of its contents.

13. The Defendant United States of America admits the allegations contained in paragraph 13 of the Complaint to the extent supported by the Contract clause cited, which is the best evidence of its contents.

14. Defendant United States of America admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant United States of America denies the allegations contained in paragraph 15 of the Complaint. The proposed modification was sent on September 27, 2004 and the document is the best evidence of its content.

16. Defendant United States admits that there were discussions concerning a revised clause, but denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant United States admits that Eimskip submitted a certified statement of fuel consumption, but denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant United States of America admits that James Washington contacted Eimskip by telephone on April 26, 2005, but denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant United States admits that James Washington sent a letter to Eimskip on May 11, 2205, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant United States denies the allegations contained in paragraph 20 of the Complaint except to admit that a reasonable payment was offered.

21. Defendant United States admits that there were negotiations, but denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendant United States of America admits the allegations contained in paragraph 22 of the Complaint except to deny that the formula by which the offered payment was calculated was "newly formulated."

23.     Paragraph 23 of the Complaint calls for no response from Defendant United States of America.

24.     Paragraph 24 of the Complaint calls for no response from Defendant United States of America.

25.     Defendant United States of America denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant United States of America denies the allegations contained in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint calls for no response from Defendant United States of America.

28.     Defendant United States of America denies the allegations contained in paragraph 28 of the Complaint.

WHEREFORE, Defendant United States of America prays that the Amended Complaint in Admiralty against the United States of America be dismissed with costs and that Defendant United States of America be awarded such other and further relief as the merits of the case may warrant.

Dated: March 7, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


    /S/
PETER G. MYER
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4043


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed, first class postage prepaid, this 7th day of March, 2007 to the following counsel of record:

    Marc J. Fink
    Heather M. Spring
    Sher & Blackwell
    1850 M Street NW, Suite 900
    Washington, DC 20036


    /S/
PETER G. MYER